## STRAIT et v STATE

Ohio Appeals, 4th Dist, Ross Co
Decided May 15, 1931

L. M. Day, Chillicothe, and L. S. Reed, Lima, for Strait et.

Howard Goldsberry, Chillicothe, Pros. Atty., for the State.

**BLOSSER, J.**

It is strongly urged that there is not sufficient evidence to connect Strait with this offense and that the trial court erred in the admission of certain testimony against him with reference to the confessions and declarations of Marshall. It is well settled that before the declaration of a co-conspirator can be admitted in evidence against a defendant the state must first prove a prima facie case of conspiracy. The conspiracy must be shown to have existed at the time with reference to which the declarations sought to be introduced were made. **Joyce v State, 119 Oh St 114.** It is urged that the court erred with reference to the admission of the evidence of officer Graves in which he stated that Marshall admitted the job at the Capital Loan. This was objected to and the court sustained the objection, the court stating that the witness should go ahead and tell what was said. Apparently this was done. We see no prejudicial error in this respect.

The record discloses that these three men were together practically all the time from their leaving Columbus until late the night of the commission of the crime. Apparently they were in the city for no legitimate reason. One said they were here to attend a prize fight, which they did not attend. Another said they were here to see some girls, which they did not do. The third said that he had taken a man by the name of Frenchy to Portsmouth. The jury was warranted in believing that they were making arrangements for the commission of the crime charged. There was no occasion to lie had their presence here been on legitimate business. In Marshall and Tyler leaving the car with the burglar tools; in Strait driving the car about the city late at night;

his making arrangements with Tyler and Marshall to meet them later that night; his taking the car to South Paint Street, and when questioned by the officers giving an unsatisfactory and untrue explanation of where he had been and his business here: the finding of the revolvers in the car, about which he told conflicting stories; his untrue statement about taking a man to Portsmouth, and Marshall when taking the burglar tools and placing them in the car, and when he knew a police car was in the vicinity making the expression "sh, Keep still," under the impression that Strait was at the time in the car; together with other facts and circumstances, were amply sufficient to warrant the jury in finding that the three men were acting in concert and that a conspiracy existed. No error was committed by the trial court in admitting the declarations of Marshall against the other defendants. The jury no doubt believed that Strait's part in the scheme was to be the driver of the car to aid in the escape and to aid the others in carrying the strong box to some remote place where it could be conveniently and safely opened. A consideration of the whole record creates an abiding conviction of the guilt of all of the defendants. Only the vigilance and alertness of the officers prevented the consummation of their scheme.

The defendants filed motions for separate trials, which were denied by the court. The statute provides that where two or more persons are jointly indicted for a felony they shall be tried jointly unless the court for good cause shown shall order one or more of the defendants to be tried separately. No good reason why these defendants should have been tried separately has been offered. The matter was discretionary with the trial court and nothing has been shown to indicate that that discretion was abused.

The record shows that the defendants had a fair trial. If any prejudicial error was committed it was against the state when the court charged the jury that when the safe was forced and entered it must have been done with the intent to steal the property therein. This placed an unnecessary burden on the state. The statute defining the offense charged in the indictment does not provide for any specific intent to steal. However, the defendants were not prejudiced and can not complain of this charge.

Finding no prejudicial error in the record the judgment is affirmed.

MAUCK, PJ, and MIDDLETON, J, concur.